UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:09CV122-J

DONALD R. WALKER                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
        Commissioner of Social Security                           DEFENDANT

<u>MEMORANDUM OPINION</u>

Plaintiff Donald Walker filed his complaint seeking judicial review of the final decision of

the Commissioner pursuant to 42 U.S.C. Section 405(g). The Court referred the matter to the United

States Magistrate Judge, who conducted a review and entered a Report and Recommendation that

the decision be affirmed. Plaintiff filed timely objections, and the matter is now before the Court

for de novo review of the matters that are the subject of specific written objection. After

consideration of the arguments of the parties and the record as a whole, the Court is of the opinion

that the Report and Recommendation should be adopted, and the decision of the Commissioner

affirmed.

Plaintiff objects that the ALJ failed to consider any limitations imposed by his mental and

intellectual impairments. The only severe impairment explicitly identified by the ALJ was

epilepsy with seizures. Tr. 14. Plaintiff contends that his nine years of special education classes

demonstrate an intellectual impairment, and he further contends that he suffers from a mood

disorder.

With respect to mental impairment, the ALJ recognized that "possible depressive

disorder" imposed mild limitations, and considered those mild limitations in his evaluation.

1

Thus, it is not accurate to say that the ALJ failed to consider the effects of this mental impairment.   In Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity."  Given the ALJ's evaluation of the evidence regarding the psychological impairment and determination of lack of significant limitation, the Court finds no error.

With regard to any intellectual impairment, the ALJ obtained a consulting evaluation from a clinical psychologist.  Dr. Dennis did administer an IQ test, which yielded a score of 45 (Tr. 206).  However, Dr. Dennis noted that such a score would be incompatible with any independent functioning and was invalid because of malingering "for secondary gain."  Tr. 208. Plaintiff failed to submit any valid evidence regarding his intellectual functioning.  Furthermore, the evidence indicating Mr. Walker's willingness to exaggerate his symptoms and falsify his limitations provides adequate basis for rejecting the credibility of his testimony.  As the burden is on the claimant to establish an impairment and its limiting effects, the Court finds no error.

Plaintiff objects that the ALJ disregarded the testimony of plaintiff's girlfriend and sister regarding hallucinations, seizures, and depression.  While these witnesses are not medical sources, such that their testimony may not be used to establish the existence of impairments, their testimony is required to be considered.  In Lashley v. Secretary, 708 F.2d 1048 (6th Cir.1983), the appellate court held that "[p]erceptible weight must be given to lay testimony where ... it is fully supported by the reports of the treating physicians."  Id. at 1054.  See Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980).  As the United States Magistrate Judge has noted

in his Report and Recommendation, the ALJ *did* acknowledge the testimony of the lay witnesses, and *did* compare that testimony with what was established in the medical evidence. The ALJ gave the lay testimony "some credibility" and adequately explained the weight given that testimony. There is no error.

Plaintiff objects that the ALJ failed to accord the proper weight to the opinion of his treating physician regarding exertional limitations, and that the substantial evidence fails to support the ALJ's determination that non-exertional limitations do not significantly limit Mr. Walker's ability to do sedentary work. The Court is in full agreement with the United States Magistrate Judge's discussion of these issues as set out in the Report and Recommendation.

An order in conformity has this day entered.